979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth D. GOODWIN, Petitioner-Appellant,
v.
H. Gary WELLS, Respondent-Appellee.
 No. 92-1219.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1992.
 
 Before KENNEDY and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Petitioner Kenneth Goodwin appeals the District Court's denial of his petition for habeas corpus relief from his 1985 sexual conduct, armed robbery, and felony firearms convictions. Petitioner contends that his trial counsel's failure to present the testimony of a particular witness in petitioner's state court trial constitutes ineffective assistance of counsel depriving him of the Sixth Amendment right to counsel. The District Court found that although the performance of petitioner's trial counsel had been deficient in not investigating the possible testimony of the witness, no prejudice resulted. Because we agree with the District Court in both respects, we AFFIRM.
 
 I.
 
 2
 After a bench trial in the Recorder's Court for the City of Detroit, petitioner was convicted of armed robbery, two counts of first degree sexual conduct, and possession of a firearm in the commission of a felony. He was subsequently sentenced to 20 to 40 years in prison on the first three counts as well as two years consecutively on the last count. His conviction was affirmed by the Michigan Court of Appeals on April 30, 1986, but the Michigan Supreme Court on October 29, 1986 remanded for a hearing on his ineffective assistance of counsel claim. After hearing evidence, the trial court on November 14, 1986 denied petitioner's motion for a new trial. The Michigan Court of Appeals then on October 30, 1989 affirmed the trial court on the issue of ineffective assistance of counsel. On July 31, 1990, the Michigan Supreme Court denied leave to appeal. Petitioner filed his petition for writ of habeas corpus on March 14, 1991. On July 31, 1991, a federal magistrate judge for the Eastern District of Michigan recommended holding an evidentiary hearing on petitioner's ineffective assistance of counsel claim. The report and recommendation was adopted by the District Court. After holding this evidentiary hearing, the magistrate judge on January 7, 1992 recommended against granting habeas. The District Court on January 29, 1992, after a de novo review, adopted this report and recommendation. This appeal followed.
 
 
 3
 Petitioner's convictions are based on the rape victim's allegation that while she was waiting for a bus to take her to work in the early morning of December 16, 1984, petitioner forced her into his car. He then drove to an area near a school where he forced her to perform fellatio upon him and have sexual intercourse with him. Afterwards, petitioner took her jewelry--a ring, bracelet, and watch--and $30 from her purse. The victim then went to a gas station for help, and the police were called. Petitioner was apprehended through the victim's identification of his car. Petitioner contended that she entered his car voluntarily, consented to sex with him, and accidentally left her jewelry in his car.
 
 II.
 
 4
 Petitioner contends his trial attorney's performance was prejudicially deficient in not investigating and presenting the testimony of Gregory Johnson, a friend of petitioner's from whom, petitioner contends, he attempted unsuccessfully to buy marijuana during the events which form the basis of petitioner's conviction. Johnson testified that at approximately 6:00 a.m. the day of the incident, petitioner honked his car horn outside the bedroom window where Johnson slept. Johnson then went downstairs and let petitioner into the house. At that time, petitioner told Johnson that he had a woman with him in the car and that they were going to "get busy." According to Johnson, he then went outside with petitioner and exchanged greetings with the woman. Johnson remembered the woman's first name, Darlene, clearly. He also testified that she was not crying and that "she seemed like she was in pretty good spirits." However, at the evidentiary hearing before the magistrate judge, Johnson had a difficult time describing her accurately. He referred to her both as a "mature lady" and as a "young lady." He described her as "pretty nice-looking lady" and as between twenty-eight and thirty years old, even though petitioner admits she was in her forties. Johnson said "she wasn't fat," even though at the time of the incident the woman weighed 270 pounds. He also stated that he could not get a good look at her because she was sitting in the car, did not remember what clothes she was wearing, and would not recognize her if she were sitting in the courtroom, all despite the fact that by his own account he was less than three to five feet from her that morning.
 
 
 5
 Petitioner asserts that his trial lawyer's failure to present Gregory Johnson's testimony prejudiced him in two ways. First, he contends that Johnson's account of meeting the woman undermines her assertion that the sex was not consensual. Petitioner asserts that his attempt to purchase marijuana is indicative of a consensual sexual encounter and that the victim's demeanor in meeting with Johnson contradicts any idea that she was not in the car voluntarily. Second, petitioner contends Johnson's testimony impeaches the victim's, a factor of great importance because consent was the crucial issue in his conviction and because the lack of eyewitnesses made the credibility conflict between petitioner and victim determinative. Petitioner asserts that Johnson's testimony about the condition of petitioner's car at the time of the incident, especially that it did not yet have a broken window, directly contradicts the victim's description of the car. Since petitioner admitted the victim was in the car, the significance of her observations about the car is unclear.
 
 
 6
 The ineffective assistance of counsel standard set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984), requires satisfying each of two prongs for finding a constitutional violation. First, counsel's performance must be found deficient. Second, this deficiency must be found to have had a prejudicial effect on the outcome of the case. Id. at 691-92. Under this second prong, a criminal defendant has been deprived of the Sixth Amendment right to counsel if there is a reasonable probability that the trial result would have been different without counsel's errors. Reasonable probability is defined as "sufficient to undermine confidence in the outcome." Id. at 694. In adopting the magistrate judge's report, the District Court found that while petitioner's counsel had been deficient, the deficiency did not satisfy Strickland's prejudice prong. The District Court's findings of fact, as embodied in the magistrate judge's report it adopted, are reviewed for clear error, while the application of the Strickland standard, which involves mixed questions of law and fact, is reviewable de novo. Id. at 698; Blackburn v. Foltz, 828 F.2d 1177, 1181 (6th Cir.1987), cert. denied, 485 U.S. 970 (1988).
 
 
 7
 The magistrate judge's report and recommendation adopted by the District Court based its conclusion of no prejudice on a finding that Gregory Johnson's testimony would not have changed the state trial judge's determination in the case. The foundation of this finding was the likelihood that Johnson would have been "seriously impeached" at trial and the fact that the state trial judge had found the victim's testimony to be determinative. In regard to Johnson's credibility, the magistrate judge focused on four factors. First, Johnson is a life-long friend of petitioner's. Although not mentioned by the magistrate judge, at one point petitioner called him "family." Second, Johnson has a criminal record. Third, the magistrate judge explicitly found that petitioner had approached Johnson and requested that he be a witness, refreshing Johnson's memory about the incident and especially about the victim's name. Fourth, the magistrate judge found that it was possible that Johnson was remembering a different incident on a different date and with a different woman.
 
 
 8
 In regard to the determinative weight given to the victim's testimony by the state trial judge, the magistrate judge, after hearing the testimony of both victim and Johnson, found the victim to be "completely credible." The magistrate judge found no reason the victim would have sought consensual sex from petitioner. The magistrate judge also focused on the facts, which he found to be undisputed, that the victim reported the rape immediately by going into a gas station to seek help and that she was distraught at the time she did so.
 
 III.
 
 9
 We find no reason to disturb the District Court's findings of fact. Nothing in the record indicates that it was clear error to find the victim completely credible and to decide that Gregory Johnson would not have been a credible witness at trial. Johnson's closeness to petitioner, criminal record, and memory about events, especially that the name of the woman had to be refreshed, provide a valid basis for doubting Johnson's credibility. Johnson's testimony is dubious in light of his ability to remember accurately almost nothing else about her except her name.
 
 
 10
 In light of the relative credibility of the victim and the petitioner, and the clarity of their memories about the morning in question, we find it more likely that the contradictory descriptions of petitioner's car by Johnson and the victim would impeach the former rather than the latter. After all, the victim led police to petitioner by identifying his car. We agree with the District Court, there is no reasonable probability that the outcome of petitioner's trial would have been different but for his counsel's error.
 
 IV.
 
 11
 For the reasons stated above, we AFFIRM the decision of the District Court.